CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 27 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIFFANY S. BROWN, | ) | |
| | ) | |
| | ) | Civil Action No. 7:15-CV-00204 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| MOUNTAINVIEW CUTTERS, LLC, | ) | By: Hon. Glen E. Conrad |
| d/b/a GREAT CLIPS, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Tiffany S. Brown brings this employment discrimination action against her former employer, Mountainview Cutters, LLC d/b/a Great Clips ("Great Clips"). The case is presently before the court on Brown's motion to quash the subpoenas duces tecum issued by Great Clips to several third parties. For the following reasons, the motion will be granted in part and denied in part.

### Factual Background

Tiffany S. Brown is an African-American woman. At the time of her employment, she was the only African-American employee at Great Clips. Brown believes that she was subjected to unequal terms and conditions of employment because of her race. Specifically, she claims that she was treated less favorably than her Caucasian coworkers with respect to "scheduling, time off, and being allowed to work enough hours to earn paid vacation." Compl. ¶ 7.

On one occasion, Brown's manager, Tim Phillips, gave a client a coupon for discount services at the salon. However, when Brown gave a coupon to another client, a note was posted on the register stating, "Great Clips is here to make money and you are making us less money[.]"

Id. ¶ 9.

In August of 2012, a Caucasian coworker called Brown an "angry black woman." Id. ¶ 10. Brown complained to her manager about the incident. On another occasion, Phillips scheduled a dinner for all of the employees. Although Brown was invited to the dinner, she was not told that the employees would be meeting at the salon beforehand. After Brown waited at the restaurant for more than 45 minutes, Phillips and the other employees arrived and laughed at her.

On or about December 2, 2012, after two employees made transactions under her name, Brown called the general manager, told her about "some of the irregularities at the salon," and said that she was being discriminated against. Id. ¶ 13. In a document dated December 2, 2012, Phillips stated that Brown had threatened him with discrimination. Thereafter, a posting at the salon indicated that certain matters would be discussed at a meeting between the employees and the owner of Great Clips. Brown then added "EEOC" to the list of topics to be discussed at this meeting. On December 4, 2012, Phillips informed Brown that he would be terminating her employment. Phillips indicated that he felt "backed into a corner" because Brown called Phillips' boss without notifying him first. Id. ¶ 15.

Brown filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 5, 2013. Upon receiving a right-to-sue letter from the EEOC on January 29, 2015, Brown filed suit in this court under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that Great Clips discriminated against her on the basis of her race, and that she was terminated in retaliation for her discrimination complaints. On March 28, 2016, Great Clips issued subpoenas duces tecum to Brown's previous employers, subsequent employer, and the Virginia Employment Commission ("VEC"). On April 4, 2016, Brown moved to quash these subpoenas. The court held a hearing on the motion via conference call on May 3, 2016. The

motion has been fully briefed and is ripe for disposition.

## Discussion

### I. Standing

Before addressing the merits of Brown's motion, the court must first determine whether she has standing to attempt to quash the subpoenas duces tecum issued by Great Clips to third parties. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." United States v. Idema, 118 F. App'x 740, 744 (4th Cir. 2005). The United States Court of Appeals for the Fourth Circuit, however, has not decided whether an employee has a sufficient personal right with respect to the information contained in her employment records to confer standing. Nevertheless, this court is more persuaded by the authorities that have held that such personal right does exist.

At the hearing, Brown relied on Singletary v. Sterling Transport Co., in which the district court found that an employee did have standing to challenge the subpoenas duces tecum that sought employment records from his former employers. 289 F.R.D. 237, 240 (E.D. Va. 2012). In reaching its decision, the district court noted that "numerous courts from within a wide variety of circuits have approved the existence of such a right and have held that such parties have standing to challenge subpoenas directed to their former employers." Id. at 239. The district court also found the case of Barrington v. Mortage IT, Inc., No. 07-61304-CIV, 2007 WL 4370647, at *2 (S.D. Fla. Dec. 10, 2007) to be especially persuasive. In Barrington, the district court cited to a number of cases which support the argument that employees have a personal right in their employment records. 2007 WL 4370647, at *2. The district court in Barrington also noted that employment records are likely to contain "highly personal and confidential information, such as

3

social security numbers, medical information protected from disclosure under various federal and state laws, payroll information, income tax information, and information about family members." Id. Therefore, the district court held that the employees had standing to move to quash the subpoenas duces tecum directed to their former employers. Id. This court notes that several courts both within and outside of the Fourth Circuit have cited to Singletary in finding that employees have standing to challenge subpoenas seeking employment records. See, e.g., Papanicolas v. Project Execution & Control Consulting, LLC, No. CBD-12-1579, 2015 WL 1242755, at *1 (D. Md. Mar. 17, 2015); Bahrami v. Maxie Price Chevrolet-Oldsmobile Inc., No. 1:11-CV-4483-SCJ-AJB, 2013 WL 3800336, at *2 (N.D. Ga. June 19, 2013); Robinson v. Quicken Loans, Inc., No. 3:12-CV-00981, 2012 WL 6045836, at *2 (S.D.W. Va. Dec. 5, 2012).

In addition, even if the court could find that Brown did not have standing to move to quash the subpoenas under Rule 45 of the Federal Rules of Civil Procedure, she would still have standing under Rule 26 to challenge the subpoenas as irrelevant and overbroad. See Singletary, 289 F.R.D. at 240 n.2 ("Additionally, the Court notes that plaintiffs have standing to challenge the subpoenas duces tecum as irrelevant and overbroad under Rule 26, regardless of whether they have standing to bring a motion to quash under Rule 45."); see also Sirpal v. Wang, No. WDQ-12-0365, 2012 WL 2880565, at *4 n.12 (D. Md. Jul. 12, 2012) (construing plaintiff's motion to quash as one for a protective order under Rule 26 and using relevance and overbreath to quash the subpoena at issue). Although Brown has not explicitly moved for a protective order in her instant motion, her essential challenges to the subpoenas are that they are overbroad and irrelevant to the claims and defenses in this case. Accordingly, the court concludes that Brown has standing to bring this motion to quash.

4

## II. Motion to Quash

The court will now consider the merits of Brown's arguments in support of her motion to quash. The scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26 of the Federal Rules of Civil Procedure. Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26."). "Thus, regardless of whether the Court considers Plaintiff's Motion under Rule 45 or Rule 26, the Court must review Defendant's subpoenas under the relevancy standards set forth in Rule 26(b)." Singletary, 289 F.R.D. at 241. The discovery rules are to be accorded broad and liberal construction. Herbert v. Lando, 441 U.S. 153, 177 (1979); see also CareFirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003) (holding that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted").

Specifically, Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. Despite the additional proportionality consideration required under the amendment to Rule 26, the Advisory Committee Notes provide that "the [2015 amendment] does not place on the party seeking discovery the burden of addressing all proportionality considerations." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

Notably, the court "must limit the frequency or extent of discovery otherwise allowed by these rules" if it determines that "the discovery sought is unreasonably cumulative or duplicative,

5

or can be obtained from some other source that is more convenient, less burdensome, or less expensive[,]" or that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "As such, the Court may quash a subpoena duces tecum as overbroad if it 'does not limit the [documents] requested to those containing subject matter relevant to the underlying action.'" Singletary, 289 F.R.D. at 241 (quoting In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008)). Furthermore, Rule 26 provides that the court may protect persons from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Likewise, Rule 45 requires the court to quash a subpoena that "subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The burden of proof is on the party objecting to the production. Finley v. Trent, 955 F. Supp. 642, 648 (N.D.W. Va. 1997) (citing Castle v. Jallah, 142 F.R.D. 618, 620 (E.D. Va. 1992)).

Brown argues that the subpoenas duces tecum should be quashed and/or limited in scope because they are overbroad, irrelevant, and disproportional to the needs of the case. The court is constrained to agree. First, as to the subpoenas issued to Brown's former employers, the court initially concludes that they are overbroad on their face, as the subpoenas are not tailored to seek relevant information in this employment discrimination action. Specifically, the subpoenas command production of Brown's "complete personnel file[,]" including "any other tangible documents or things which relate to [her] employment ... regardless of the ... content[.]" Ex. A to Pl.'s Mot. to Quash at 4, Docket No. 26-1. "Such subpoenas could lead to the production of medical information, social security numbers, payroll information, income tax information, information about family members, and other documents completely extraneous to this litigation[.]" Singletary, 289 F.R.D. at 241; see also Peters v. Baltimore City Bd. of Sch. Comm'rs, No. WMN-13-3114, 2014 WL 4187307, at *5 (D. Md. Aug. 21, 2014) (finding that, in

6

quashing defendant's third party subpoena, "[d]efendant's request, by seeking 'any and all' documents related to [plaintiff's] employment, has the potential to uncover intrusive information that is not relevant to the present action"). As such, the court believes that the subpoenas, in their current form, seek undiscoverable information and are overbroad.

However, the court also believes that some information in Brown's personnel files is relevant to the claims and defenses—namely, Brown's work history, her performance evaluations, and whether she made discrimination claims against any of these former employers. See Smith v. United Salt Corp., No. 1:08-CV-53, 2009 WL 2929343, at *6 (W.D. Va. Sept. 9, 2009) (finding that plaintiffs' work history records were relevant because they could reveal "prior complaints of emotional distress and sexual harassment[,]" "poor or erratic work histories," and "sustained employment or unemployment" in consideration of plaintiffs' claims for front pay). Great Clips' anticipated defense in this case is that Brown was terminated because of insubordination and/or misconduct on the job. Such discovery may reveal that Brown's former employers terminated her for similar reasons. Although such information may not ultimately be admissible at trial, the court cannot conclude that it would not lead to the discovery of admissible evidence. Singletary, 289 F.R.D. at 237.

Despite the relevance of such discovery, the court is of the opinion that the subpoenas are disproportionate to the needs of the case at this time. Great Clips contends that they have no reasonable means of obtaining the requested information other than through the issuance of these subpoenas duces tecum. However, the court believes that Great Clips could obtain this information through written interrogatories to Brown, which would be the least burdensome source. In her responses, Brown shall detail her work history, performance evaluations, reasons for leaving her former employers, and whether she filed charges of discrimination against her

7

former employers. In reviewing Brown's responses, Great Clips may renew their subpoenas to Brown's former employers, if the circumstances warrant. Therefore, the court finds that Great Clips' subpoenas are overbroad, irrelevant, and disproportionate to the needs of the case at this time. Accordingly, Brown's motion to quash will be granted with respect to the subpoenas duces tecum issued to her former employers.

Second, as to the subpoena duces tecum issued to Brown's subsequent employer, the court concludes that the subpoena is overbroad and disproportionate to the needs of the case. Again, the subpoena seeks Brown's entire personnel file, irrespective of its contents and relevancy to the instant case. Brown does concede, however, that information regarding her pay and benefits from her subsequent employer would be relevant to her claims for damages in this case. Nevertheless, she contends that she can provide Great Clips with this information. In light of this concession, the court believes that the subpoena is disproportionate to the needs of the case, and that the least burdensome way to obtain this discovery would be from Brown herself. As such, Great Clips will also be entitled to such information through written interrogatories to Brown. Accordingly, Brown's motion to quash will be granted with respect to the subpoena duces tecum issued to her subsequent employer.

Finally, as to the subpoena duces tecum issued to the VEC, the court concludes that such subpoena is overbroad because it does not limit the temporal scope of the documents sought by Great Clips. The court agrees with Brown that the relevant time period for such information would be from her date of termination, December 4, 2012, to the present; Great Clips does not contend otherwise. Therefore, the court will narrow the scope of the subpoena to documents from December 4, 2012 to the present. Accordingly, Brown's motion to quash will be granted in part so as to establish the temporal limitation as set forth herein.

8

## Conclusion

For the foregoing reasons, the motion to quash will be granted in part and denied in part. The subpoenas duces tecum issued to Brown's former employers—Generation Solutions, Great Clips, Olive Garden, Red Robin, and Smart Style—will be quashed. The subpoena duces tecum issued to Brown's subsequent employer, Cost Cutters Family Hair Salon, will also be quashed. The information sought in these subpoenas shall be obtained from Brown through written interrogatories. Finally, the subpoena duces tecum issued to the VEC will be limited in temporal scope to documents from December 4, 2012, the time of Brown's termination, to the present.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 27th day of May, 2016.

*/s/ Glen Conrad*
Chief United States District Judge

9

Case 7:15-cv-00204-GEC   Document 35   Filed 05/27/16   Page 9 of 9   Pageid#: 139